[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15311
Non-Argument Calendar
_____

D.C. Docket No. 0:10-cv-61007-WPD

EVANSTON INSURANCE COMPANY,

Plaintiff-Appellant,

versus

CAROL WHYTE,
SHELLYANN WATSON,
as legal guardian of Dale Whyte,
TINA McGEE,
as mother and natural guardianof C.W.,
T.W., and C.M.; Minor Children,
ANDREW BYERS,
EDWARD KOSTISHION, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 20, 2012)

Before HULL, MARTIN, and HILL, Circuit Judges.

PER CURIAM:

This is an appeal from the grant of defendants/appellees's, Carol Whyte, *et al*., (Whyte Lawsuit Plaintiffs), motion for summary judgment, and the denial of plaintiff/appellant Evanston Insurance Company's (Evanston) motion for summary judgment.  Evanston was seeking a declaratory judgment that the limit of liability under its insurance policy with the Whyte Lawsuit Plaintiffs should be reduced by claim expenses, such as litigation costs.[1]

The district court found that the plain terms of the policy itself declare that claim expenses are not to be deducted from the limits of liability.  The district court relied upon Endorsement 5 of the policy which provides: "Claim Expenses incurred in defending and investigating a Claim shall be in addition to the applicable Limits of Liability stated in Item 6.I of the Declarations."

Item 6.I describes that each claim limit shall be $500,000, and that the aggregate limit of liability under the policy shall be $1,500,000.  The district court determined that $330,000 in litigation costs, under the plain meaning of Endorsement 5 and Item 6.I, does not erode the funds available to pay for damages to the Whyte Lawsuit Plaintiffs.  We agree.

---

[1] Evanston argues that the aggregate total insurance award of $1,500,000, or $500,000 per claim, is eroded by litigation costs of $330,000.

We have reviewed the record in this appeal, the briefs and the arguments of counsel.  Finding no error, we affirm the judgment of the district court.

AFFIRMED.